# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JOSEPH RIAD, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No: S21C-02-032 MHC |
| | ) | |
| BRANDYWINE VALLEY SPCA, | ) | |
| Inc., A Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: July 7, 2023
Decided: July 20, 2023

*Upon Consideration of Plaintiff's Motion for Reargument or Alternatively, Partial Relief from Order,*
**DENIED.**

Heather A. Long, Esquire, Long & Greenberg, LLC, Newark, Delaware, Richard E. Schimel, Pro Hac Vice, Esquire, Law Offices of Richard E. Schimel, LLC., Bethesda, Maryland, Mickala Rector, Pro Hac Vice, Esquire, Rector Law, Kennett Square, Pennsylvania, *Attorneys for Plaintiff.*

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Googin, P.C., Wilmington, Delaware, *Attorney for Defendant.*

**CONNER, J.**

Now this 20th day of July, 2023, the Court hereby finds as follows:

1. Plaintiff has filed a Motion for Reargument, or Alternatively for Partial Relief from Order of the Court dated June 22, 2023 (the "Motion"). Plaintiff moves for an Order modifying the Court's Memorandum Opinion to eliminate all references to the discovery dispute concerning the production of tax returns and any sanction pertaining thereto.[1] Plaintiff quotes the Court's Memorandum Opinion, specifically "[a]t the time of this opinion, Plaintiff has still yet to supply the requested information from the IRS."[2] In conjunction with that quote, Plaintiff argues the Court's assertion is inaccurate because two letters from the IRS that Plaintiff provided to Defense counsel confirm that none of the requested tax records exist.[3] The letters Plaintiff references are illegible and were not provided to the Court until the filing of this Motion.[4] Once again, Plaintiff's counsel was given a clear mandate to provide the Court with information directly from the IRS regarding the existence or lack thereof of Plaintiff's tax records, not provide them only to Defense counsel.[5]

---

[1] Pl. Mot. for Reargument or Mot. for Partial Relief from Order at 5.
[2] *Id.* ¶ 9.
[3] *Id.*
[4] The letters are attached to Plaintiff's Motion as Exhibits 3 and 4.
[5] Plaintiff was ordered to provide this information to Defense counsel, per this Court's Order dated April 12, 2023. However, at oral argument on March 27, 2023, the Court made it clear that Plaintiff was also to provide the Court with any/all tax returns from the past five years or documentation from the IRS stating such tax returns do not exist.

2. Plaintiff is basing his Motion on these two illegible letters allegedly from the IRS to support his claim that he does not file any taxes individually or for his businesses. However, after much deciphering, the best the Court can glean from the attached letters does not support Plaintiff's contention. The Exhibit 4 letter states in pertinent part:

> [w]e received your Form 2848, Power of Attorney and Declaration of Representative, but we also need the following information: We're unable to process the enclosed Power of Attorney and Declaration of Representative, Form 2848. The TIN you provided does not match the name, and address we currently have on file. Please make all necessary corrections and submit your form for processing.

Much of the letter is indecipherable, including the address. It baffles the Court that in the age of email a clean copy could not be provided by Plaintiff to his attorneys.

3. These letters distinctly show both submitted Power of Attorney and Declaration of Representative, Form 2848 were unable to be processed by the IRS due to misinformation listed on the forms. Plaintiff is unable to argue that anything in those two letters proves the requested tax records do not exist. Whether Plaintiff files any taxes individually or for his businesses remains unclear to the Court.

4. Defense counsel's attempts to get to the bottom of the discovery dispute ended with the same result, utter confusion. Defense counsel informed the

2

Court that none of the documentation received from Plaintiff's counsel clarified whether Plaintiff or his businesses file taxes.[6] Furthermore, Defense counsel has represented that he received documents regarding Plaintiff's supposed certified public accountant, Ayman Bekheit. Plaintiff produced to Defendant a United States of America Passport Card for Ayman Bekheit, what appears to be a resumé, and a letter from the Chi Chi Rodriguez Youth Foundation, Inc. dated July 7, 2003.[7] None of these documents comply with the Court's Order, nor do they prove that Ayman Bekheit is a licensed, certified public accountant.[8] The Court reiterates its offense to the misrepresentations in Plaintiff's papers and complete lack of credential verification by Plaintiff's counsel.

5. In footnote 1 of Plaintiff's Motion, Plaintiff's counsel, Richard Schimel, claims he failed to stand due to a Multiple Sclerosis diagnosis. Mr. Schimel failed to stand when answering the Court with the words "got it" after being asked if he understood what the Court was requesting. The Court notes Mr. Schimel stood on multiple occasions when presenting argument to the Court.

---

[6] Def. Resp. to Pl. Mot. for Reargument or Mot. for Partial Relief from Order at 3.
[7] These documents, which are also mostly illegible, are attached to Defendant's response as Exhibit A.
[8] The Court's Order, dated April 12, 2023, specifically states Plaintiff shall produce to Defendant: "9) current contact information for Ayman Bekheit and identification of what states or jurisdictions in which he is a licensed accountant and/or certified public accountant (CPA)."

Mr. Schimel's representation that he did not intend disrespect to the Court is accepted warily.

6. The Court also notes that its Memorandum Opinion denied Plaintiff's Motion for Partial Summary Judgment as to Count I, strict liability and granted Defendant's Motion for Summary Judgment as to Count I, strict liability, and Count II, negligence. No where in the Opinion did the Court issue sanctions or dismiss the case due to discovery issues, like Plaintiff's counsel is suggesting.[9] Plaintiff's Motion essentially seeks to eliminate the section of the Court's Memorandum Opinion entitled "Discovery Dispute." However, for the reasons discussed above, Plaintiff has still failed to comply with the Court's clear Orders and therefore, elimination of the "Discovery Dispute" is not warranted. Plaintiff's Motion fails to make any arguments or requests for relief regarding the merits of the Court's Opinion.

7. Plaintiff has presented absolutely nothing to persuade this Court to grant the relief requested. Providing irrelevant and unintelligible copies of documents continues to demonstrate a lack of candor to the Court. Plaintiff's Motion for Reargument or Alternatively, for Partial Relief from Order is **DENIED.** The Court's Memorandum Opinion dated June 22, 2023, will remain intact.

---

[9] Pl. Mot. for Reargument or Mot. for Partial Relief from Order at 5.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary

5